IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-20-0443 |
| LAFONTE JOHNSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Lafonte Johnson's Motion for Reconsideration and Reduction of Sentence. (ECF No. 347.) Although he does not cite 18 U.S.C. § 3582, the Court construes the Motion as one for compassionate release. The Court will deny the Motion.

In September 2023, Johnson plead guilty to Count One of the Superseding Information, which charged him with conspiracy to distribute a quantity of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846. (ECF No. 332.) In January 2024, he received a 42-month sentence. (ECF No. 345.) Johnson has not yet begun to serve his sentence, and has filed the instant Motion.[1] He explains that he should be permitted to serve his sentence on home confinement. In support, he explains that:

> As this Court was advised during the sentencing hearing in this matter, in the months prior to the sentencing of Mr. Johnson, his youngest sister, Chemera Evans, was incarcerated and detained in a criminal matter pending in Maryland state Court. Ms. Evans is the mother to three minor children ages 6, 11 and 18. As of the date of Ms. Evans incarceration, Mr. Johnson agreed to allow the children to live with him in his home as their father was unavailable to care for the children and remains unavailable to this date. The sentence of incarceration in this matter poses a

---

[1] The Court notes that Johnson has not yet begun to serve his sentence, and there is no indication that he has exhausted his administrative remedies. However, the exhaustion requirement is not jurisdictional. *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021). The Court therefore proceeds to the merits of Johnson's Motion, and expresses no views at this time regarding the ability of a defendant to exhaust his administrative remedies prior to beginning the service of a sentence.

significant problem as it relates to the continued care for the children as Mr. Johnson has not been able to arrange for the housing and continued care of the children with any other family members. As a result, it appears that, upon his assignment and mandate to report to the B.O.P. designated facility, the children will be unhoused and Mr. Johnson is not sure where and by whom they will be cared for.

(ECF No. 347 at 2.) He describes the impact that serving the custodial sentence will have on the children. (*Id.* at 2–3.)

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." In assessing a motion for compassionate release, the Court can "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (citation and quotations omitted).[2]

As an initial matter, the Court notes that it is not permitted to transform a custodial sentence into one for home confinement. *United States v. Simon*, No. 20-6701, 2022 WL 337126, at *1 (4th Cir. Feb. 4, 2022). Rather, if the Court finds home confinement appropriate, it must reduce the sentence and impose home confinement as a term of supervised release. *Id.*

The Court need not definitely determine whether Johnson's Motion presents extraordinary and compelling reasons. While the Court acknowledges the hardship that may be posed by Johnson's incarceration on his family, the Court concludes that the § 3553(a) factors do not favor

---

[2] As the Court explained in more detail previously, the Court must also consider whether the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). When the Fourth Circuit decided *McCoy*, there were no applicable policy statements, and therefore district courts could consider any extraordinary and compelling reason that a defendant might raise. *See United States v. Brown*, Crim. No. JKB-08-00415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023). In November 2023, newly amended Sentencing Guidelines went into effect, which do address detainee-filed compassionate release motions. *Id.* The new Guidelines include a catchall provision that "maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release." *Id.* Thus, the Court continues to consider any extraordinary and compelling reasons that a defendant raises.

a sentence reduction.  The circumstances described by Johnson do not cause the Court to revise its analysis of the § 3553(a) factors as discussed during the sentencing hearing only a month ago, and the Court continues to find that a 42-month sentence continues to be the sentence that is sufficient but not greater than necessary achieve the purposes of § 3553(a).

  Accordingly, it is ORDERED that Johnson's Motion (ECF No. 347) is DENIED.

Dated this __2__ day of February, 2024.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge